United States Court of Appeals,

Eleventh Circuit.

No. 94-5181.

Carol MIRE, Plaintiff-Appellant,

v.

BLUE CROSS/BLUE SHIELD OF FLORIDA, Defendant-Appellee.

Dec. 9, 1994.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-6851-CIV-WJZ), William J. Zloch, Judge.

Before HATCHETT and ANDERSON, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

This case has been expedited because of the serious medical condition of the appellant and the urgent need for a speedy resolution. Appellant, Carol Mire, has and is being treated for ovarian cancer. The question before us is whether or not a specific treatment is covered or excluded by health insurance provided to her through her husband's employment.

The treatment and subsequent hospitalization involved in the recommended HDC/PSCR is described by appellant as:

1. induction phase or chemotherapeutic agents administered in low doses;

2. mobilization phase which consists of chemotherapeutic agents administered in intermediate doses;

3. leukapheresis, the removal of the stem cells which are subsequently frozen and stored;

4. HDC which consists of the administration of FDA approved chemotherapeutic agents in high doses;

5. the reinfusion of the stored stem cells into the patient's body;

6. hospitalization for observation purposes.

The Blue Cross policy involved contains the following exclusion:

> The following services, supplies or equipment are not Covered Services under this Contract, and, therefore, BCBSF has no liability for such services, supplies or equipment. The insured is solely responsible for the payment of charges for all services or supplies excluded in this Section.
>
> . . . . .
>
> 32. Any service or supply relating to any evaluation, treatment or therapy involving the use of high-dose chemotherapy and adjuvant autologous bone marrow transplant, autologous peripheral stem cell rescue, or autologous stem cell rescue for any disease other than acute lymphocytic leukemia, acute non-lymphocytic leukemia, Hodgkins' disease, non-Hodgkins' lymphoma, neuroblastoma, breast cancer or germ-cell malignancies.

It is Mire's contention that while the above clause excludes any and all treatment, services and supplies related to HDC and PSCR, it does not include the HDC and PSCR treatment itself. We are simply unable to agree.

We conclude that the plain meaning of the exclusion eliminates coverage for this suggested treatment for appellant's non-germ cell ovarian cancer.

The judgment of the district court is AFFIRMED.